T.C. Memo. 2003-14

UNITED STATES TAX COURT

STEPHEN JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2970-01.              Filed January 14, 2003.

<u>Kenneth W. McWade</u>, for petitioner.

<u>Jonathan J. Ono</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  Respondent determined a $17,052 deficiency in petitioner's income tax for 1997.

The sole issue for decision is whether petitioner may exclude from gross income under either section 931 or section 911 compensation he earned for personal services he performed in 1997

on Johnston Island, a U.S. possession in the Pacific Ocean.[1]  We
hold that he may not.  See <u>Farrell v. United States</u>, __ F.3d __,
(9th Cir., Dec. 24, 2002); <u>Specking v. Commissioner</u>, 117 T.C. 95,
111, 113, 116 (2001), on appeal (10th Cir., May 9, 2002).

Unless otherwise specified, section references are to the
Internal Revenue Code as amended.  Rule references are to the Tax
Court Rules of Practice and Procedure.

<u>Background</u>

All of the facts have been stipulated and are so found.  The
parties submitted the case fully stipulated under Rule 122.
Petitioner resided in Melbourne, Florida, when he filed the
petition.

Petitioner was employed by Raytheon Engineers &
Constructors, Inc. (Raytheon), on Johnston Island throughout
1997.  Petitioner received wages of $83,842 from Raytheon in
1997.  On his individual income tax return as amended for 1997,
petitioner excluded from his gross income all of the wages that
he received from Raytheon in 1997 on the grounds that those wages
were excludable under section 931 or section 911.

---

[1]  Johnston Island is a U.S. possession.  Act of Aug. 18,
1856, ch. 164, 11 Stat. 119, 48 U.S.C. secs. 1411-1419 (2000).
Johnston Island is not part of American Samoa, Guam, or the
Commonwealth of the N. Mariana Islands.  <u>Specking v.
Commissioner</u>, 117 T.C. 95, 97 (2001).

## Discussion

A.  <u>Whether Petitioner May Exclude From Income Under Section 931 Compensation That He Received for Services He Performed on Johnston Island</u>

Petitioner contends that he may exclude from income under section 931 compensation that he received for services he performed on Johnston Island in 1997.  Before 1986, section 931 permitted citizens to exclude income derived from sources within various possessions of the United States, including Johnston Island, if certain conditions were satisfied.  See <u>Farrell v. United States</u>, __ F.3d at __; <u>Specking v. Commissioner</u>, <u>supra</u> at 102-103.  Section 931, as amended by the Tax Reform Act of 1986 (1986 TRA), Pub. L. 99-514, sec. 1272(a), 100 Stat. 2593, applies only to income derived from sources within Guam, American Samoa, and the Northern Mariana Islands; it does not apply to income derived from sources within Johnston Island.  Sec. 931(c). Petitioner points out that section 1.931-1(a), Income Tax Regs.,[2] continues to provide that section 931 applies to Johnston Island and contends that, as a result, residents of Johnston Island may exclude income derived from sources within Johnston Island. Respondent recognizes that section 1.931-1(a), Income Tax Regs., is inconsistent with section 931 and contends that section 931 controls, not section 1.931-1(a), Income Tax Regs.  We agree with

---

[2]  Sec. 1.931-1, Income Tax Regs., was most recently amended in 1975.  T.D. 7385, 40 Fed. Reg. 50260 (Oct. 29, 1975).

respondent. It is well settled that when a regulation conflicts with a subsequently enacted statute, the statute controls. <u>Bingler v. Johnson</u>, 394 U.S. 741, 750 (1969); <u>Commissioner v. S. Tex. Lumber Co.</u>, 333 U.S. 496, 501 (1948); <u>Farrell v. United States</u>, __ F.3d at __.

We decided this issue in <u>Specking v. Commissioner</u>, <u>supra</u> at 111. One of the years at issue in that case was 1997, which is the year at issue here. In <u>Specking</u>, we said:

> For the years in issue, section 931 does not apply to the compensation petitioners received for services they performed on Johnston Island. * * * [<u>Id.</u>]

The U.S. Court of Appeals for the Ninth Circuit, to which this case is appealable, reached the same conclusion in <u>Farrell</u>.

Petitioner also contends, on the basis of a footnote in <u>Specking v. Commissioner</u>, <u>supra</u> at 106 n.15, that former section 931 still applies to Johnston Island. The footnote states:

> Thus, had American Samoa and the United States not entered into an implementing agreement, income from sources within that possession would qualify for the exclusion provided by old sec. 931. * * * [<u>Id.</u>]

We disagree. Former section 931 applied to Johnston Island. However, section 931, as amended by 1986 TRA section 1272(a), does not. Note 15 in <u>Specking</u> does not provide otherwise. 1986 TRA section 1277(a) and (b), 100 Stat. 2600, provides the following effective dates for the amendments to section 931:

> (a) In General.--Except as otherwise provided in this section, the amendments made by this subtitle shall apply to taxable years beginning after December 31, 1986.

(b) Special Rule for Guam, American Samoa, and the Northern Mariana Islands.--The amendments made by this subtitle shall apply with respect to Guam, American Samoa, or the Northern Mariana Islands (and to residents thereof and corporations created or organized therein) only if (and so long as) an implementing agreement under section 1271 is in effect between the United States and such possession.

Thus, the 1986 TRA section 1272(a) amendments that apply to Johnston Island are effective for taxable years beginning after December 31, 1986.  However, under note 15 in <u>Specking</u>, the amendments that apply with respect to American Samoa apply only when and so long as an implementing agreement is in effect. Thus, petitioner may not exclude income under the pre-1986 TRA version of section 931.  See <u>Specking v. Commissioner</u>, <u>supra</u> at 109-110.

B.   <u>Whether Petitioner May Exclude From Income Under Section 911 $70,000 That He Received for Services He Performed on Johnston Island</u>

Petitioner contends that $70,000 of his income from employment on Johnston Island is exempt from tax under section 911.  Petitioner relies on section 1.931-1(b)(2), Income Tax Regs., which provides:

(2) Relationship of sections 931 and 911.  A citizen of the United States who cannot meet the 80-percent and the 50-percent requirements of section 931 but who receives earned income from sources within a possession of the United States, is not deprived of the benefits of the provisions of section 911 (relating to the exemption of earned income from sources outside the United States), provided he meets the requirements thereof.  In such a case none of the provisions of section 931 is applicable in determining the citizen's tax liability. * * *

We disagree with petitioner. A taxpayer who resides in Johnston Island does not qualify for the section 911 exclusion because Johnston Island is a U.S. possession and not a foreign country. Section 1.931-1(b)(2), Income Tax Regs., does not provide otherwise. Thus, income petitioner earned on Johnston Island is not foreign earned income excludable under section 911. See Farrell v. United States, __ F.3d at __; Specking v. Commissioner, supra at 113-116.

We conclude that petitioner may not exclude from gross income under either section 931 or section 911 compensation he earned for personal services he performed on Johnston Island in 1997. See Farrell v. United States, __ F.3d at __; Specking v. Commissioner, supra at 111, 116.

To reflect the foregoing,

Decision will be

entered for respondent.