T.C. Memo. 2003-236

UNITED STATES TAX COURT

ANDRAS HAUTZINGER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9501-02.                    Filed August 8, 2003.

Andras Hautzinger, pro se.

Sean R. Gannon, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined a $15,098 deficiency in, and a $3,019.60 accuracy-related penalty under section 6662(a)[1] on, petitioner's Federal income tax (tax) for 1998.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:

(1) Are the wages that petitioner received during 1998 while he was residing and working in Johnston Island excludable from petitioner's gross income for that year under section 931 or section 911?  We hold that they are not.

(2) Is petitioner liable for the year at issue for the accuracy-related penalty under section 6662(a)?  We hold that he is.

## FINDINGS OF FACT

Most of the facts have been stipulated by the parties and are so found.

At the time petitioner filed the petition in this case, he resided in Aurora, Illinois.

During the year at issue, petitioner was a resident of Johnston Island, a possession of the United States located southwest of Hawaii.

During the year at issue, while petitioner was a resident of Johnston Island, Raytheon Demilitarization Company (Raytheon) employed him as a utility worker, for which he received total wages of $67,482.[2]

_____

[2]Raytheon issued to petitioner Form W-2, Wage and Tax Statement (Form W-2), for 1998 showing wages of $18,498.18 and a separate Form W-2 for that year showing additional wages of $48,983.38.

During the year at issue, Raytheon required petitioner to take a two-week leave following each two-month period that he spent working in Johnston Island. Petitioner usually spent each two-week leave in Hawaii.

When petitioner arrived for each two-week leave at the airport in Honolulu, Hawaii, he (1) usually passed through the section of that airport designated for foreign travelers and was required to show his passport to U.S. Customs officials and (2) occasionally was required to complete U.S. Customs forms. In the event that petitioner or other Raytheon employees did not have their passports with them, U.S. Customs officials allowed them to enter Hawaii but directed them to carry their passports with them upon their next visit to Hawaii.

On April 15, 1999, petitioner filed Form 1040, U.S. Individual Income Tax Return (return), for his taxable year 1998. In that return, petitioner reported wage income of $67,482 and claimed an exclusion from gross income of $67,482. In support of that claimed exclusion, petitioner attached Form 4563, Exclusion of Income for Bona Fide Residents of American Samoa (Form 4563), to his 1998 return. In that form, petitioner claimed that: He began residing in American Samoa on June 4, 1997; he was residing there throughout 1998; he did not maintain any home outside American Samoa during that year; and he was entitled to exclude from his gross income for 1998 the entire amount (i.e., $67,482)

of the wages that he received during that year while residing and working in American Samoa.  Petitioner did not disclose anywhere in Form 4563 that he attached to his return for 1998 that he was residing and working in Johnston Island during that year.

Respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable year 1998.  In that notice, respondent determined to disallow petitioner's claimed exclusion from gross income of his wages of $67,482 on the ground that petitioner was not a resident of American Samoa during 1998.  Respondent further determined in the notice that petitioner is liable for that year for the accuracy-related penalty under section 6662(a).

                              OPINION

Petitioner filed his 1998 return on April 15, 1999.  We presume that respondent's examination of that return began after July 22, 1998, and that section 7491(a) is applicable in the instant case.  However, there are no factual issues remaining in dispute relevant to ascertaining the liability of petitioner for the deficiency that respondent determined for the year at issue.  We find that the burden of proof does not shift to respondent under section 7491(a) and that petitioner has the burden of proving that respondent's deficiency determination is wrong.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

It is petitioner's position that he is entitled for the year

at issue to exclude from his gross income under section 931 the wages that he received from Raytheon during that year.  In support of that position, petitioner relies on section 1.931-1, Income Tax Regs.  Although not altogether clear, it appears that petitioner is arguing that, because section 1.931-1(a)(1), Income Tax Regs., provides that the term "possession of the United States" includes Johnston Island, he is entitled for 1998 to exclude the wages that he received while residing and working there during that year.  Respondent counters that petitioner's wages for the year at issue are not excludable under section 931.[3]  We agree with respondent.

The Treasury Department promulgated section 1.931-1, Income Tax Regs., under section 931 prior to its amendment (old section 931) by section 1272(a) of the Tax Reform Act of 1986 (TRA 1986), Pub. L. 99-514, 100 Stat. 2593.[4]  Old section 931 permitted citizens of the United States to exclude income derived from sources within possessions of the United States, except Puerto Rico, the U.S. Virgin Islands, and Guam, if certain conditions were satisfied.  Although old section 931 did not define the term "possession of the United States", regulations promulgated under

[3]Respondent also argues that petitioner's wage income for 1998 is not excludable under sec. 911.

[4]The Treasury Department promulgated the last amendment to section 1.931-1, Income Tax Regs., in 1975.  T.D. 7385, 1975-2 C.B. 298.

old section 931 on which petitioner is relying provided that the term "possession of the United States" included Johnston Island.[5]

Section 1272(a) of the TRA 1986 amended old section 931 to exclude from income, in the case of an individual who is a bona fide resident of a "specified possession" during the entire taxable year, gross income derived from sources within any such "specified possession".  Section 931, as amended by section 1272(a) of the TRA 1986 and as in effect for the year at issue here, defines the term "specified possession" to mean only Guam, American Samoa, and the Northern Mariana Islands.  Sec. 931(c).

In Specking v. Commissioner, 117 T.C. 95 (2001), affd. sub nom. Haessly v. Commissioner, __ Fed. Appx. __ (9th Cir., June 16, 2003), we addressed the precise argument under section 1.931-1, Income Tax Regs., that petitioner advances in the instant case.  We concluded in Specking:

> Petitioners' reliance on section 1.931-1, Income Tax Regs., is misplaced.  The regulatory language on which petitioners rely defines the term "possession" for purposes of old section 931.  As we have concluded above, that provision no longer applies to petitioners. Consequently, the regulatory provision also has no

---

[5]Sec. 1.931-1, Income Tax Regs., provided in pertinent part:

**§ 1.931-1.  Citizens of the United States and domestic corporations deriving income from sources within a possession of the United States.**--(a) Definitions.-- (1) As used in section 931 and this section, the term "possession of the United States" includes American Samoa, Guam, Johnston Island, Midway Islands, the Panama Canal Zone, Puerto Rico, and Wake Island. * * * [Emphasis added.]

application to them and is obsolete as to petitioners.
Id. at 110-111.

We reject petitioner's reliance on section 1.931-1, Income
Tax Regs., in the instant case for the same reasons we rejected
the taxpayers' reliance on that regulation in Specking v. Commis-
sioner, supra.

On the record before us, we find that for the year at issue
petitioner may not exclude under section 931 any of the wages
that he received from Raytheon during that year while he was
residing and working in Johnston Island.[6]  Specking v. Commis-
sioner, supra; see also Farrell v. United States, 313 F.3d 1214
(9th Cir. 2002).

We turn now to the determination in the notice that peti-
tioner is liable for the year at issue for the accuracy-related
penalty under section 6662(a).  According to respondent, peti-
tioner is liable for that penalty because of negligence or

---

[6]Petitioner does not rely on sec. 911 in support of his
position that his wage income for 1998 is excludable from his
gross income.  For the sake of completeness, respondent nonethe-
less argues on brief that sec. 911 does not entitle petitioner to
exclude his wages for 1998 from his gross income for that year.
We agree with respondent.  In Specking v. Commissioner, 117 T.C.
95, 111-116 (2001), affd. sub nom. Haessly v. Commissioner, __
Fed. Appx. __ (9th Cir., June 16, 2003), we rejected the
taxpayers' alternative argument that, in the event the Court were
to hold that their compensation was not excludable from gross
income under sec. 931, such compensation was excludable under
sec. 911.  For the reasons set forth in Specking, we conclude
that sec. 911 does not entitle petitioner to exclude from his
gross income for 1998 the wages that he received during that year
while he was residing and working in Johnston Island.  Id.

disregard of rules or regulations under section 6662(b)(1) or a substantial understatement of income tax under section 6662(b)(2). Respondent has the burden of production under section 7491(c) with respect to that penalty. To meet that burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

For purposes of section 6662(a), the term "negligence" includes any failure to make a reasonable attempt to comply with the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence has also been defined as a lack of care or failure to do what a reasonable person would do under the circumstances. Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990).

The record establishes that petitioner attached Form 4563 to his 1998 return, in which he claimed that he resided in American Samoa throughout 1998. The record further establishes petitioner resided and worked in Johnston Island throughout that year. On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a) determined in the notice.

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner argues that he was not negligent and did not disregard rules or regulations. That is because, according to petitioner, he relied upon the advice of Dina Caleda (Ms. Caleda), a certified public accountant who prepared his return for 1998, when he excluded from the gross income that he reported in that return the wages that he received during that year while he was residing and working in Johnston Island. A taxpayer claiming reliance on an accountant (or other professional) must show that the taxpayer supplied such accountant with all the correct and necessary information and that the error in the return was the result of the accountant's error. Westbrook v. Commissioner, 68 F.3d 868, 881 (5th Cir. 1995), affg. T.C. Memo. 1993-634; Weis v. Commissioner, 94 T.C. 473, 487 (1990); Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978).

The only evidence that petitioner presented to establish his reliance on Ms. Caleda's purported advice was his uncorroborated and questionable testimony, on which we are unwilling to rely. Assuming arguendo that we were to accept petitioner's claim that he relied on Ms. Caleda's advice, petitioner has failed to establish that he supplied correct information to Ms. Caleda and that the error in his 1998 return in excluding his wage income from his gross income was the result of Ms. Caleda's error. In fact, the record strongly suggests that petitioner provided Ms. Caleda with incorrect information as to where he resided during 1998[7] and that the error in petitioner's return was the result of that incorrect information and not Ms. Caleda's error.

On the instant record, we find that petitioner has failed to show that he was not negligent and did not disregard rules or regulations within the meaning of section 6662(b)(1), or otherwise did what a reasonable person would do, with respect to the underpayment for the year at issue. On that record, we further find that petitioner has failed to show that he acted with reasonable cause and in good faith with respect to the underpay-

---

[7]In this connection, petitioner attached Form 4563 to his 1998 return in which he claimed, inter alia, that he resided in American Samoa throughout 1998. Nowhere in that form did petitioner indicate that he resided and worked in Johnston Island throughout that year. Information about where petitioner resided during 1998 is information that petitioner would have provided to Ms. Caleda, and he evidently misinformed her about the location of his residence during that year.

ment for the year at issue.  See sec. 6664(c)(1).  On the record before us, we find that petitioner has failed to establish that he is not liable for the year at issue for the accuracy-related penalty under section 6662(a).[8]

    To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[8]We have found that petitioner is liable for the year at issue for the accuracy-related penalty under sec. 6662(a) because of negligence or disregard of rules or regulations under sec. 6662(b)(1).  In light of that finding, we shall not address respondent's alternative argument that petitioner is liable for the year at issue for the accuracy-related penalty under sec. 6662(a) because of a substantial understatement of income tax under sec. 6662(b)(2).