T.C. Memo. 2004-196


UNITED STATES TAX COURT


AMARO A. TAIBO, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17416-02.                    Filed August 31, 2004.


Steven T. Barta, for petitioner.

Jonathan J. Ono, for respondent.


MEMORANDUM OPINION

SWIFT, Judge:  The sole issue for decision is whether petitioner for 2000 is liable for an accuracy-related penalty under section 6662(a) in the amount of $10,828.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts of this case were submitted fully stipulated under Rule 122 and are so found.

Since 1991, petitioner has resided on Johnston Island, an unincorporated U.S. Territory located approximately 700 nautical miles southwest of Hawaii where petitioner has been employed as an electrical engineer by Raytheon Demilitarization Co. or its successor (Raytheon).

On April 30, 1991, petitioner signed an employment agreement with Raytheon, which stated, among other things, that "Johnston Island is not tax exempt; therefore, standard tax obligations apply."

For each of the years 1991 through 1996, on his Federal income tax returns, the record herein does not indicate whether petitioner treated the wages he received from Raytheon as taxable or as nontaxable income.

On his timely filed 1997 joint Federal income tax return, petitioner treated the $143,013 in Raytheon wages that he received in 1997 as taxable income, and petitioner paid the $44,629 in taxes relating thereto.

On his timely filed 1998 individual Federal income tax return, petitioner treated the $156,741 in Raytheon wages that he received in 1998 as nontaxable income, and petitioner did not pay the Federal income taxes relating thereto.

On July 6, 1999, a petition was filed in this Court by a Raytheon employee who worked on Johnston Island (first Raytheon employee) in which petition the taxability of wages earned by U.S. citizens on Johnston Island was challenged. Specking v. Commissioner, docket No. 12010-99. A regulation, which stated that Johnston Island constituted a U.S. possession for purposes of excluding from taxable income wages earned by U.S. citizens on Johnston Island, formed the basis for the claim of nontaxability. See sec. 1.931-1, Income Tax Regs.[1] In subsequent similar cases filed by Johnston Island employees, infra, other employees also rely on this same regulation.

On July 12, 1999, another petition was filed in this Court by another Raytheon employee who worked on Johnston Island (second Raytheon employee) in which petition the taxability of

---

[1] Sec. 1.931-1, Income Tax Regs., provides in part as follows:

> § 1.931-1. Citizens of the United States and domestic corporations deriving income from sources within a possession of the United States.--(a) Definitions.--(1) As used in section 931 and this section, the term "possession of the United States" includes * * * Johnston Island * * *.
> (2) As used in section 931 and this section, the term "United States" includes only the States, the Territories of Alaska and Hawaii, and the District of Columbia.
> (b) General rule--(1) Qualifications. In the case of a citizen of the United States or a domestic corporation satisfying * * * [certain] conditions, gross income means only gross income from sources within the United States * * *.

wages earned on Johnston Island also was challenged. Umbach v. Commissioner, docket No. 12348-99.

On July 30, 1999, petitioner filed an amended 1997 joint Federal income tax return on which petitioner treated the $143,013 in Raytheon wages that he received in 1997 as nontaxable income and on which petitioner claimed a refund of the $44,629 in taxes that he paid relating thereto.

On August 31, 1999, yet another petition was filed in this Court by another Raytheon employee who worked on Johnston Island (third Raytheon employee) in which petition the taxability of wages earned on Johnston Island again was challenged. Haessly v. Commissioner, docket No. 14496-99.

On September 28, 1999, respondent mailed to petitioner a notice informing petitioner that respondent was formally disallowing petitioner's claim for refund of the $44,629 in taxes petitioner paid on his Raytheon wages earned in 1997. Respondent's letter stated that "The Tax Reform Act of 1986 [Pub. L. 99-514, sec. 1272, 100 Stat. 2085 (TRA 1986)] amended IRC 931. Therefore, income from sources within the Johnston Islands does not qualify for the possession exclusion."[2]

On December 21, 1999, after an audit of petitioner's 1998 Federal income tax return, respondent mailed to petitioner a

---

[2]   The record herein does not indicate whether petitioner ever filed a refund suit in Federal district court with regard to his disallowed 1997 claim for refund.

letter notifying petitioner that the $156,741 in Raytheon wages that petitioner received in 1998 constituted taxable income with respect to which $41,898 in taxes was due.  Attached to the letter was Form 886-A, Explanation of Items, which stated:

> Since your home is not in a foreign country, but a territory of the United States, your earned income is not excludable under Internal Revenue Code 911.  See 1.911-2([g]) & (h) for the United States and foreign country defined.  Also, since you are not a bona fide resident of a specified possession "as defined in Internal Revenue Code 931(c)", you do not qualify for the possession exclusion.

In early 2000, petitioner paid to respondent $49,285, reflecting the full $41,898 tax deficiency for 1998 determined by respondent, including interest, and no formal notice of deficiency for 1998 was ever mailed to petitioner.  With respect to 1998, respondent did not impose a penalty against petitioner relating to the treatment on petitioner's 1998 Federal income tax return of his Raytheon wages as nontaxable income.

On February 28, 2000, a complaint was filed in Federal district court by a fourth Raytheon employee who worked on Johnston Island in which complaint the taxability of wages earned on Johnston Island was challenged.  Farrell v. United States, No. CV 00-00164SOM-KSC.

The record herein does not include a copy of petitioner's 1999 Federal income tax return, apparently filed in April of 2000, and the record herein does not indicate whether petitioner

treated thereon his Raytheon wages received in 1999 as taxable or as nontaxable income.

On February 12, 2001, the District Court for the District of Hawaii decided Farrell v. United States, 87 AFTR 2d 1159, 2001-1 USTC par. 50,279 (D. Haw. 2001), and held that Johnston Island does not constitute a foreign country for purposes of section 911 and does not constitute a specified possession for purposes of section 931.[3] Therefore, the District Court, in spite of the conflicting regulation, which listed Johnston Island as a possession, concluded that wages earned on Johnston Island constituted taxable income. Thereafter, the taxpayer in Farrell filed a timely appeal to the Court of Appeals for the Ninth Circuit of the District Court's decision.

On his electronically filed 2000 individual Federal income tax return, filed on approximately March 4, 2001, petitioner treated the $185,048 in Raytheon wages that he received in 2000 as nontaxable income, and petitioner did not pay any Federal income taxes relating thereto.

Petitioner's retained copy of his electronically filed 2000 Federal income tax return, which is in evidence herein, reflected

_____

[3] All references herein to sec. 931 are to sec. 931 as amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1272, 100 Stat. 2593 (TRA 1986), and all references to former sec. 931 are to such section prior to amendment by TRA 1986.

the following information regarding the wages petitioner received in 2000 relating to his work on Johnston Island:

(1)  The amount -- $185,048;

(2)  Their character -- petitioner's wages from Raytheon;

(3)  Raytheon's treatment of the wages -- as petitioner's wages and as taxable income to petitioner;

(4)  The fact that $50,109 in taxes were withheld by Raytheon with regard thereto;

(5)  The fact that petitioner on his Federal income tax return was claiming an offsetting reduction to the full $185,048 in disclosed wages and a refund of the $50,109 in withheld taxes relating thereto;

(6)  The fact that petitioner worked on Johnston Island and that petitioner's Federal income tax return treated Johnston Island as a "possession"; and

(7)  The basis on which petitioner was relying for his treatment of his Johnston Island wages as nontaxable income, namely sec. 1.931-1(a) and (b)(i) and (ii), Income Tax Regs.[4]

On March 5, 2001, a fourth petition was filed in this Court by a fifth Raytheon employee who worked on Johnston Island in which petition the taxability of wages earned on Johnston Island was challenged.  Jones v. Commissioner, docket No. 2970-01.

---

[4]  A partial copy of petitioner's electronically filed 2000 Federal income tax return as printed out by respondent discloses only the information in the first five numbered items in the above list regarding petitioner's wages earned on Johnston Island and does not reflect the information in the last two above-numbered items.

On August 28, 2001, we decided Specking v. Commissioner, 117 T.C. 95 (2001), affd. sub nom. Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003), representing a consolidated group of cases involving three of the above petitions filed in the Tax Court. In our decision in Specking v. Commissioner, supra, we held that Johnston Island does not constitute a foreign country for purposes of section 911 and does not constitute a specified possession for purposes of section 931. We concluded that section 931 applies to income earned on Johnston Island for years beginning after December 31, 1986, and, therefore, that wages earned on Johnston Island constituted taxable income.

Three months after Specking was decided by this Court, on November 13, 2001, in response to a letter request from a Raytheon employee on Johnston Island, respondent mailed to the employee a letter and a copy of section 1.931-1, Income Tax Regs., in which letter such regulation was described as "current as of October 24, 2001", and in which regulation Johnston Island was listed as a possession.

On November 30, 2001, after an audit of petitioner's 2000 Federal income tax return, respondent mailed to petitioner a letter notifying petitioner that the $185,048 in Raytheon wages that petitioner received in 2000 constituted taxable income with respect to which $54,139 in taxes was due. This letter stated

that Johnston Island was not a specified possession for purposes of the income exclusion allowed under section 931. Respondent did not assert any penalty relating thereto.

A month thereafter, on December 28, 2001, petitioner mailed to respondent a personal check in the amount of $57,709, reflecting payment of the full $54,139 tax deficiency for 2000 determined by respondent, including interest. In an e-mail sent to respondent on the same day, petitioner reserved his right to file a claim for refund if the pending litigation regarding the taxability of Johnston Island wages was eventually resolved in the taxpayers' favor.

On February 26, 2002, respondent mailed to petitioner another letter relating to petitioner's 2000 Federal income tax return in which letter respondent proposed against petitioner for 2000 a $10,828 accuracy-related penalty under section 6662(a) relating to petitioner's claim that his $185,048 in 2000 wages constituted nontaxable income.

On May 9, 2002, each of the three taxpayers in Specking v. Commissioner, supra, filed appeals of our decision therein, two to the Court of Appeals for the Tenth Circuit and one to the Court of Appeals for the Ninth Circuit.

On June 4, 2002, a fifth petition was filed in this Court by a sixth Raytheon employee who worked on Johnston Island in which petition the taxability of wages earned on Johnston Island was challenged. Hautzinger v. Commissioner, docket No. 9501-02.

On August 23, 2002, respondent mailed a notice of deficiency to petitioner with respect to the $10,828 accuracy-related penalty for 2000 which petitioner had not yet paid.

On November 7, 2002, petitioner became the sixth Raytheon employee to file a petition in this Court in which petition petitioner challenges not the taxability of his Johnston Island wages but only the imposition by respondent of the $10,828 accuracy-related penalty.

On December 24, 2002, the Court of Appeals for the Ninth Circuit in Farrell v. United States, 313 F.3d 1214 (9th Cir. 2002), affirmed the District Court's decision in Farrell v. United States, 87 AFTR 2d 1159, 2001-1 USTC par. 50,279 (D. Haw. 2001). The Court of Appeals held that Johnston Island does not constitute a foreign country for purposes of section 911 and does not constitute a specified possession for purposes of section 931. In addition, the Court of Appeals held that section 931 controls over the conflicting regulation at section 1.931-1, Income Tax Regs. Therefore, the Court of Appeals concluded that wages earned on Johnston Island by U.S. citizens constituted taxable income.

On January 14, 2003, we decided Jones v. Commissioner, T.C. Memo. 2003-14, involving the fourth petition filed in the Tax Court involving Johnston Island wages. In our decision in Jones, we held that Johnston Island does not constitute a foreign country for purposes of section 911 and that Johnston Island does

not constitute a specified possession for purposes of section 931. We also held that section 931 controls over the conflicting regulation at section 1.931-1, Income Tax Regs., and that, for years beginning after December 31, 1986, section 931 applies to income earned by U.S. citizens on Johnston Island, making the wages taxable income.

On June 16, 2003, the Court of Appeals for the Ninth Circuit decided Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affg. Specking v. Commissioner, 117 T.C. 95 (2001), and held that Johnston Island does not constitute a foreign country for purposes of section 911 and, following its opinion in Farrell v. United States, supra, that Johnston Island does not constitute a specified possession for purposes of section 931. The Court of Appeals affirmed our opinion in Specking v. Commissioner, supra, and concluded that wages earned on Johnston Island constituted taxable income.

On June 24, 2003, the taxpayer in Jones v. Commissioner, T.C. Memo. 2003-14, filed an appeal of our decision therein to the Court of Appeals for the Eleventh Circuit, which appeal is still pending.

In the above deficiency determinations by respondent, and in the above court opinions regarding the taxability of Johnston Island wages by the District Court, the Tax Court, and the Courts of Appeals, no penalties were asserted against the taxpayers, and none was imposed by the courts.

On August 8, 2003, we decided <u>Hautzinger v. Commissioner</u>, T.C. Memo. 2003-236, involving the fifth petition filed in the Tax Court involving Johnston Island wages.  In our decision in <u>Hautzinger</u>, consistent with the above court opinions, we held that Johnston Island does not constitute a specified possession for purposes of section 931 and that section 931 controls over the conflicting regulation at section 1.931-1, Income Tax Regs. Therefore, we concluded that wages earned on Johnston Island constituted taxable income.

In addition, however, in <u>Hautzinger</u>, we decided that the taxpayer was negligent in falsely reporting on his Federal income tax return that his Raytheon wages were earned by him on American Samoa, a specified possession for purposes of section 931, and not on Johnston Island, where the wages in fact were earned. Because of such false reporting of the source of the wages, we sustained respondent's determination of a section 6662(a) accuracy-related penalty.  The taxpayer in <u>Hautzinger</u> did not file an appeal of our decision.

On December 11, 2003, the Court of Appeals for the Tenth Circuit in <u>Umbach v. Commissioner</u>, 357 F.3d 1108 (10th Cir. 2003), affg. <u>Specking v. Commissioner</u>, 117 T.C. 95 (2001), representing the consolidated cases of <u>Umbach v. Commissioner</u>, <u>supra</u>, and <u>Specking v. Commissioner</u>, <u>supra</u>, affirmed our decision in <u>Specking</u>.  The Court of Appeals held that Johnston Island does not constitute a foreign country for purposes of section 911 and

does not constitute a specified possession for purposes of section 931. The Court of Appeals held that section 931 applies to income earned on Johnston Island, noting its agreement with the decision of the Court of Appeals for the Ninth Circuit in Farrell v. United States, 313 F.3d at 1219, and that the wages earned by U.S. citizens on Johnston Island constituted taxable income. In Umbach v. Commissioner, supra, with regard to the taxpayer's treatment of his Johnston Island wages as nontaxable income, no penalty was asserted by respondent and none was imposed by the Court of Appeals for the Tenth Circuit.

## Discussion

Under section 6662, an accuracy-related penalty is to be added to the portion of an underpayment of tax attributable to negligence, to a disregard of rules or regulations, or to a substantial understatement of income tax.

Generally, for purposes of the accuracy-related penalty, negligence includes a failure to make a reasonable attempt to comply with the tax laws. Sec. 6662(c). Negligence is indicated where a taxpayer fails to make a reasonable attempt to ascertain the correctness of the claimed tax treatment of an item, does not have a reasonable basis for such tax treatment, and does not act with reasonable cause and in good faith with respect to such tax treatment. Secs. 1.6662-3(b)(1)(ii), 1.6662-3(b)(3), 1.6664-4(a), Income Tax Regs.

A substantial understatement of income tax is defined as an understatement constituting the greater of 10 percent of the tax required to be shown on a Federal income tax return or $5,000. Sec. 6662(d)(1)(A). An understatement is reduced by that portion of the understatement which is attributable to either substantial authority for the claimed tax treatment of the item or adequate disclosure of and reasonable basis for the claimed tax treatment of the item. Sec. 6662(d)(2)(B).

Under section 7491(c), respondent has the burden of production with respect to any penalty. Once respondent meets the burden of production, the taxpayer, however, continues to have the burden of proof with respect to whether respondent's determination of the penalty is correct. Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001).

Petitioner argues that, with respect to his 2000 Federal income tax return and his treatment of Johnston Island wages reported thereon as nontaxable income, his reliance on section 1.931-1, Income Tax Regs., was reasonable and the pending litigation was in good faith. Petitioner argues that the regulation and the pending litigation, combined with the disclosure petitioner made on his 2000 individual Federal income tax return, establish a reasonable basis for his tax treatment of his Raytheon wages as nontaxable income.

Respondent seems to argue that the existence of section 931 (in which Johnston Island is not listed as a specified possession

for purposes of excluding from taxable income wages earned therein) precludes any reasonable reliance by petitioner on section 1.931-1, Income Tax Regs. (in which regulation Johnston Island was and is still listed as a possession of the United States). Respondent contends that petitioner should have known that his interpretation was "too good to be true". Respondent also contends that regardless of whether petitioner made an adequate disclosure on his 2000 Federal income tax return of facts relating to his Johnston Island wages, petitioner did not have a reasonable basis for the nontaxable treatment thereof.

We believe that for 2000 imposition on petitioner of the accuracy-related penalty with regard to the nontaxable treatment of his Johnston Island wages is inappropriate.

Although the District Court case and all five Tax Court cases regarding the taxability of Johnston Island wages have since been decided in favor of respondent, the question of whether petitioner had a reasonable basis for the nontaxability of his Johnston Island wages is to be evaluated as of March 4, 2001, the day petitioner filed his 2000 individual Federal income tax return. We note particularly respondent's letter of November 13, 2001, in which respondent continued to refer Johnston Island employees to section 1.931-1, Income Tax Regs., and to describe the regulation as "current". We also note respondent's failure, as of March 2001, to assert any accuracy-related penalty against any of the taxpayers who were litigating

the issue as to the taxability of Johnston Island wages.  We do not regard petitioner's treatment on his 2000 individual Federal income tax return of his Johnston Island wages as negligent.

We turn to the question of whether petitioner's tax return treatment of his Johnston Island wages constituted a substantial understatement giving rise to the accuracy-related penalty.  The grounds on which a substantial understatement may be reduced include tax treatments that are based on adequate disclosure and a reasonable basis.  Sec. 6662(d)(2)(B)(ii).

The disclosure made on petitioner's 2000 Federal income tax return, as reflected on petitioner's retained copy of such return, constitutes adequate disclosure for purposes of section 6662(d)(2)(B)(ii).  Respondent provides no explanation for the incomplete nature of respondent's printout of petitioner's 2000 individual Federal income tax return.  In deciding this disclosure issue, particularly in light of respondent's burden of production on this penalty, we believe it appropriate to rely on the information reflected on petitioner's retained copy of his 2000 individual Federal income tax return. On the facts of this case, the disclosure issue is resolved in favor of petitioner.

With regard to reasonable basis, we incorporate our discussion above and conclude that petitioner, on his 2000 individual Federal income tax return, had a reasonable basis for

his tax treatment of his Johnston Island wages as nontaxable income.

In <u>Hautzinger v. Commissioner</u>, T.C. Memo. 2003-236, decided by this Court on August 8, 2003, respondent did assert and we did sustain imposition of an accuracy-related penalty, but, as stated, such penalty related to the false reporting by the taxpayer that his wages were earned in American Samoa rather than in Johnston Island, where the wages in fact were earned.

Petitioner herein is not liable for the section 6662(a) accuracy-related penalty with respect to his tax understatement relating to his Johnston Island wages.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.