T.C. Memo. 2008-55

UNITED STATES TAX COURT

ANGELO N. AND JO E. GRANDELLI, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11445-04.                    Filed March 6, 2008.

Angelo N. and Jo E. Grandelli, pro sese.

<u>Jack T. Anagnostis</u> and <u>Stuart Spielman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case is before the Court upon
respondent's determination that petitioners are not entitled to
an abatement of interest.  We decide whether respondent's refusal
to abate interest is an abuse of discretion.  See sec. 6404(h)[1].

_____

[1] All section references are to the Internal Revenue Code,
(continued...)

We hold that respondent did not abuse his discretion under section 6404(e) in denying petitioners' request for abatement of interest that accrued on their income tax liability for tax year 1997.

FINDINGS OF FACT

At the time they filed their petition, petitioners resided in Drexel Hill, Pennsylvania.

Petitioners mailed a Form 1040, U.S. Individual Income Tax Return, for 1996 in August of 1997, and then again in September of 1997. Petitioners also mailed a Form 1040X, Amended U.S. Individual Income Tax Return, in September of 1997. On the amended Form 1040X for 1996, petitioners claimed an overpayment of $1,160, which they requested to be credited to their 1997 tax liability.

The Internal Revenue Service (IRS) did not receive any of these returns. It is not clear from the record whether the IRS' failure to receive these returns was due to either party's error. In January or February of 1998, the IRS notified petitioners that it had not received an income tax return from them for 1996. Petitioners sent the IRS a package that they believe contained both an original and an amended income tax return, but the IRS

----

[1](...continued)
and all Rule references are to the Tax Court Rules of Practice and Procedure.

afterwards informed them that it had received only an original Form 1040 income tax return for 1996 on March 13, 1998.

In July of 1998, petitioners prepared and mailed a Form 1040 for 1997. On this return, petitioners noted that they had requested the $1,160 from their amended 1996 income tax return be applied to their 1997 tax liability. The IRS did not receive this return.

On August 16, 1999, the IRS issued a notice of income tax delinquency (notice of delinquency) for 1997 to petitioner Jo Grandelli individually under her maiden name and to an address where petitioners had not resided since before they filed their 1996 return. Petitioners did not receive this notice of delinquency.

On March 9, 2002, the IRS issued a Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing, to Mrs. Grandelli under her maiden name at petitioners' correct address, which was the address provided on petitioners' 1996 return that the IRS received. The notice was of intent to levy to collect an assessment of a deficiency on Mrs. Grandelli's individual account for 1997.

Petitioners learned through correspondence with the IRS that it had not received their amended 1996 return or any return for 1997. Petitioners mailed a copy of their amended 1996 return to the IRS's Taxpayer Advocate Service in Philadelphia on May 3,

2002, and filed their 1997 return with the IRS on May 6, 2002. The IRS has no record of an amended return being filed for 1996, and the $1,160 overpayment shown on petitioners' amended 1996 return was never credited toward petitioners' 1997 tax liability.

On May 30, 2003, the IRS issued separate but identical notices of intent to levy to Mr. and Mrs. Grandelli at their correct address. The tax assessed was based upon petitioners' 1997 joint return. Petitioners concede that the assessed balance of tax due on the May 30, 2003, notices of intent to levy is correct. The erroneous assessment against Mrs. Grandelli individually has been abated, and the assessment on the May 30, 2003, notices of intent to levy is the underlying liability upon which interest and penalties have accumulated.

Petitioners submitted a request for abatement of interest and penalties for 1997 by letter dated September 13, 2003, which respondent received on October 16, 2003. Petitioners claimed that they were entitled to relief under section 6404(e) because the IRS did not notify them in a timely manner that it had not received their 1997 return. Petitioners also stated that they should not be penalized for the fact that the IRS did not receive their amended 1996 return, which showed a refund to be credited toward their 1997 liability, because they had a reasonable expectation that the IRS would receive the returns that they mailed.

Respondent denied petitioners' request for abatement of interest in a letter dated March 30, 2004. Respondent stated, among other things, that no errors or delays were found that merited the abatement of interest.

Petitioners timely petitioned this Court to review respondent's denial of their request for abatement of interest.

OPINION

Section 6404(e)(1) provides that the Commissioner may abate part or all of an assessment of interest on any deficiency or payment of income taxes to the extent that the deficiency or any error or delay in payment is attributable to unreasonable error or delay by an officer or employee of the IRS in performing a ministerial or managerial act. Such an error or delay is taken into account only if it is in no significant aspect attributable to the taxpayers and only if it occurs after the IRS has contacted the taxpayers in writing with respect to the deficiency or payment. Sec. 6404(e)(1). Even if there is an error or delay, the Commissioner has discretion whether to abate interest. Mekulsia v. Commissioner, T.C. Memo. 2003-138, affd. 389 F.3d 601 (6th Cir. 2004). Section 6404(e) is intended to apply only "in instances where failure to abate interest would be widely perceived as grossly unfair." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844.

We have jurisdiction to determine whether the Commissioner's decision not to abate interest was an abuse of discretion. Sec. 6404(h)(1). In order to prevail, the taxpayers must prove that the Commissioner abused his discretion by exercising this discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Thus, the taxpayers bear the burden of proof. Rule 142(a).

Petitioners argue that the delay in their payment of their 1997 tax liability is attributable to the IRS's unreasonable error in sending the notice of delinquency to Mrs. Grandelli under an incorrect name and to an incorrect address and the IRS's unreasonable delay in sending the notice of delinquency to petitioners' correct address. Petitioners argue that they reasonably believed that their refund for 1996, as shown on their amended 1996 return, would satisfy their 1997 tax liability. Had they learned earlier that the IRS had not received either their amended 1996 return or their original 1997 return, petitioners might have been able to mail those returns again and receive credit for their $1,160 overpayment in 1996 and avoid paying several years' worth of interest.

Respondent argues that he did not abuse his discretion, for two reasons. First, respondent argues that the first time that the IRS contacted petitioners in writing with respect to a deficiency or payment was on March 9, 2002, when the IRS issued

the Letter 1058 to Mrs. Grandelli. Therefore, to establish that they are entitled to relief, petitioners must prove that an officer or employee of the IRS made some error or delay after the date of this first contact. Sec. 6404(e)(1); Nerad v. Commissioner, T.C. Memo. 1999-376. However, the errors and delays that petitioners claim caused their delay in payment occurred before this date. Respondent argues that the notice of delinquency mailed to Mrs. Grandelli on August 16, 1999, did not constitute written contact with respect to either a deficiency or a payment within the meaning of section 6404(e)(1) because it was intended to inform petitioners that they had not filed a return for 1997, not to inform them that there was a deficiency or a payment owed for 1997.

Second, even if we were to find that the notice of delinquency did constitute the type of written contact required by section 6404(e)(1), respondent argues that petitioners' delay in paying their 1997 tax liability would not be attributable to any unreasonable error or delay by any employee or officer of the IRS.

We have not directly addressed the issue of whether a notice of delinquency, which generally only notifies the taxpayers that they have not filed a return for a specific year, constitutes a written contact "with respect to [a] deficiency or payment." See Weiss v. Commissioner, T.C. Memo. 1999-364 (finding it

unnecessary to decide whether the Commissioner's request for a copy of the taxpayer's return was a "writing with respect to [a] deficiency or payment" within the meaning of section 6404(e)). However, we need not decide this issue now because even if we were to find that the August 16, 1999, notice of delinquency did constitute such a written contact, we would still find that the delay in petitioners' payment was attributable to their error in making payment and not to an error or delay by the IRS.

The IRS did err by mailing a notice of delinquency to Mrs. Grandelli under an incorrect name and to an incorrect address. However, we find that the cause of petitioners' delay in paying their 1997 income tax liability was their failure to timely file their amended 1996 income tax return and their 1997 income tax return. Petitioners knew that the IRS did not receive the three 1996 income tax returns they mailed in 1997. When the IRS notified them in 1998 that it had not received any of their income tax returns for 1996, petitioners should have realized that there was a problem with their method of filing income tax returns and taken steps to correct this problem or at least established a policy of verifying that the IRS received their subsequent returns.

While it is the IRS's policy to notify taxpayers when they have not timely filed returns, the IRS has no statutory obligation to do so. See 2 Administration, Internal Revenue

Manual (CCH), pt. 5.19.2., at 18,303 (Apr. 1, 2007). Given their past problems with filing income tax returns, petitioners should not have relied on the IRS to notify them that their 1996 amended return and their 1997 return had not been received. If the IRS had not sent petitioners any notification that their 1997 return was delinquent before 2002, this would not be an unreasonable error or delay under section 6404(e) because that section does not permit abatement of interest regardless of how long the IRS takes to first contact the taxpayer. Downing v. Commissioner, 118 T.C. 22, 30-31 (2002); Cannon v. Commissioner, T.C. Memo. 2002-205; Hanks v. Commissioner, T.C. Memo. 2001-319. Therefore, we find it was petitioners' error that ultimately caused the delay in petitioners' payment of their 1997 income tax liabilities.

We agree with petitioners that they generally have a reasonable expectation that items they send in the mail will be received. However, because petitioners were aware that several of the returns they mailed to the IRS were not received, petitioners should have taken steps to ensure that the IRS received their subsequent returns. Furthermore, petitioners have not offered any evidence showing that the IRS's failure to receive petitioners' amended 1996 return or 1997 return before 2002 was due to any error committed by the IRS. Because petitioners bear the burden of proof, the absence of any evidence

as to what happened to the missing returns weighs in favor of respondent.

Consequently, petitioners are not entitled to an abatement of interest under section 6404(e) with respect to their 1997 income tax. It follows that respondent's failure to abate such interest is not an abuse of discretion.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.