T.C. Memo. 2009-24

UNITED STATES TAX COURT

RONALD D. AND ANN S. YOUNG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17563-07.                Filed February 4, 2009.

Ps requested an abatement of interest on Federal income
tax deficiencies for the taxable years 1997 through 2000.  R
determined that Ps were not entitled to an abatement of
interest.

<u>Held</u>: R's determination was not an abuse of discretion.

Ronald D. and Ann S. Young, pro sese.

<u>Jonathan J. Ono</u>, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  Respondent determined that petitioners are not entitled to an abatement of interest on Federal income tax deficiencies for their 1997, 1998, 1999, and 2000 tax years.  The issue for decision is whether respondent's refusal to abate interest was an abuse of discretion.

Background

This case was submitted fully stipulated pursuant to Rule 122 of the Court's Rules of Practice and Procedure.  The stipulation of the parties, with accompanying exhibits, is incorporated herein by this reference.  Petitioners filed timely joint Forms 1040, U.S. Individual Income Tax Return, for their 1997, 1998, 1999, and 2000 tax years.

From 1997 through 2000 Mr. Young worked on Johnston Island for Washington Group International, formerly known as Raytheon Demilitarization Co. (Raytheon).  During those years he received wages from Raytheon of $82,939, $77,012, $79,108, and $83,422, respectively.  On their joint returns, petitioners reported receiving those amounts as wage income but excluded them from gross income, citing section 1.931-1, Income Tax Regs.

Respondent subsequently determined that, pursuant to section 931,[1] petitioners were not entitled to exclude any portion of Mr.

_____

[1]All section references are to the Internal Revenue Code of
                                              (continued...)

Young's Raytheon wages.  Respondent issued a notice of deficiency for petitioners' 1997 tax year and a notice of deficiency for petitioners' 1998, 1999, and 2000 tax years.  Petitioners timely petitioned this Court to redetermine the deficiencies.  Those petitions were docketed at docket Nos. 8295-01 and 10376-03.  In both cases the parties executed stipulated decisions that upheld respondent's adjustments pursuant to section 931 and held that petitioners were liable for the asserted income tax deficiencies in all 4 years.

Thereafter, respondent assessed the income tax deficiencies for those years along with related interest.  Petitioners filed administrative requests for abatement of the related interest, which respondent's Appeals Office ultimately disallowed in full for all 4 years.

On August 7, 2007, petitioners timely petitioned the Court to review respondent's refusal to abate interest.  They resided in Florida when they filed their petition.  In the petition petitioners argue that

> The action of the Commissioner to continue the
> publication of Treasury Regulation 1.931-1 following
> the enactment of the Tax Reform Act of 1986 until April
> 6, 2005, a period of almost twenty years, constitutes
> an error and delay in the performance of his/her
> managerial or ministerial duty, mandated by statute,
> entitling petitioners to the abatement of interest on

---

[1](...continued)
1986, as amended.

the deficiencies resulting therefrom, during the period
of the Commissioner's failure to act.

Petitioners had an opportunity to file a brief but did not do so.

Some additional background is necessary to fully understand petitioners' argument. Before 1986, section 931 permitted U.S. citizens "to exclude income derived from sources within possessions of the United States, except for Puerto Rico, the U.S. Virgin Islands, or Guam, if certain conditions were satisfied." See Specking v. Commissioner, 117 T.C. 95, 102 (2001), affd. sub nom. Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003). Johnston Island was not specifically mentioned in section 931; however, section 1.931-1(a)(1), Income Tax Regs., defined "possession of the United States" to include Johnston Island. See Specking v. Commissioner, supra at 103.

In 1986, section 931 was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1272(a), 100 Stat. 2593. As amended, section 931 permits bona fide residents of Guam, American Samoa, and the Northern Mariana Islands to exclude income derived from within any of those three specified possessions. See Specking v. Commissioner, supra at 110. Despite the statutory amendment, section 1.931-1(a)(1), Income Tax Regs., continued to refer to Johnston Island until it was amended in April 2005. See T.D. 9194, 2005-1 C.B. 1016 (revising section 1.931-1, Income Tax Regs., and adding section 1.931-1T, Temporary Income Tax Regs.,

promulgated under amended section 931); see also <u>Smith v. Commissioner</u>, T.C. Memo. 2006-51 n.8.

Like petitioners, a number of other taxpayers relied on section 1.931-1(a)(1), Income Tax Regs., to exclude Johnston Island income even after section 931 was amended. See, e.g., <u>Farrell v. United States</u>, 313 F.3d 1214, 1215 (9th Cir. 2002); <u>Specking v. Commissioner</u>, <u>supra</u>; <u>Smith v. Commissioner</u>, <u>supra</u>; <u>Taibo v. Commissioner</u>, T.C. Memo. 2004-196. In cases before this Court we have determined that those taxpayers were not justified in doing so because section 931 controlled and because section 1.931-1(a)(1), Income Tax Regs., had been rendered obsolete in light of the amendment to section 931. See <u>Specking v. Commissioner</u>, <u>supra</u> at 110-111; <u>Jones v. Commissioner</u>, T.C. Memo. 2003-14. We noted that the failure to amend the regulation sooner did not suggest that taxpayers were still permitted to exclude Johnston Island income: "'The Treasury's relaxed approach to amending its regulations to track Code changes is well documented. * * * The absence of any amendment * * * is more likely a reflection of the Treasury's inattention than any affirmative intention on its part to say anything at all.'" <u>Specking v. Commissioner</u>, <u>supra</u> at 111 (quoting <u>United Dominion Indus., Inc., v. United States</u>, 532 U.S. 822, 836-837 (2001)).

## Discussion

Under section 6601(a), interest on a Federal income tax liability generally accrues at the rate specified by section 6621 from the last date prescribed for payment until the date on which the tax is paid. If there is an "unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act," the Secretary may abate all or any part of the interest that accrues because of the error or delay. Sec. 6404(e)(1). An error or delay will be taken into account only if no significant aspect of it is attributable to the taxpayer involved and it occurs after the Internal Revenue Service (IRS) has contacted the taxpayer, in writing, with respect to the deficiency or payment of tax on which the interest is accruing. Id.; sec. 301.6404-2(a)(2), Proced. & Admin. Regs.

Even when there is an unreasonable error or delay with respect to a managerial or ministerial act, the Secretary has discretion to decide whether to abate interest. Sec. 6404(e); see Grandelli v. Commissioner, T.C. Memo. 2008-55. We have jurisdiction under section 6404(h) to determine whether the Secretary's decision not to abate interest was an abuse of discretion. In such cases the taxpayer bears the burden of proving that the Commissioner exercised this discretion

arbitrarily, capriciously, or without sound basis in fact or law. See <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Petitioners have conceded that they could not exclude Mr. Young's Johnston Island income and that they are liable for income tax deficiencies for 1997, 1998, 1999, and 2000. Citing section 6404(e), however, they argue that the failure to promptly amend section 1.931-1, Income Tax Regs., after the statutory amendment was an unreasonable error or delay in performing a managerial or ministerial act. They argue further that that error or delay led them to exclude Mr. Young's Johnston Island income on their 1997 through 2000 returns, which ultimately resulted in the deficiencies and the interest on those

deficiencies.[2]  Accordingly, they assert that the Secretary should abate the interest on those deficiencies.

Petitioners' argument is unpersuasive for two reasons. First, for petitioners to prevail, we would have to determine that the delay in amending section 1.931-1, Income Tax Regs., was an unreasonable error or delay by an IRS officer or employee. Petitioners have not provided evidence that the error or delay in performing that act was attributable to an IRS officer or employee.  The process of amending a regulation is extensive and involves multiple layers of analysis, review, and approval within both the IRS and the Treasury Department.  See, e.g., sec. 601.601(a), Statement of Procedural Rules; Internal Revenue

---

[2]As we have seen, taxpayers who excluded Johnston Island income after the statutory amendment have not been successful using this type of cause-and-effect argument--based on their reliance on the Secretary's delay in amending the regulation--to avoid liability for income tax deficiencies.  See, e.g., Specking v. Commissioner, 117 T.C. 95, 110-111 (2001), affd. sub nom. Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003); Smith v. Commissioner, T.C. Memo. 2006-51.

The argument has been used successfully, however, to avoid liability for the sec. 6662(a) accuracy-related penalty.  See Taibo v. Commissioner, T.C. Memo. 2004-196 (holding that a taxpayer who relied on sec. 1.931-1, Income Tax Regs., had a reasonable basis for excluding Johnston Island income earned in 2000).  But see Smith v. Commissioner, T.C. Memo. 2006-51 (concluding that taxpayer did not have reasonable basis where he relied on sec. 1.931-1, Income Tax Regs., as to income earned in 2001, after courts had rejected that argument); Hautzinger v. Commissioner, T.C. Memo. 2003-236 (upholding a penalty even as to income earned in 1998 before the courts had addressed the validity of sec. 1.931-1, Income Tax Regs.).

Manual (IRM) pt. 32.1.1 et seq. (Aug. 11, 2004) (Chief Counsel Regulation Handbook).[3]  Notably, both the IRS Commissioner and an Assistant Treasury Secretary must approve and sign final regulations.  See sec. 601.601(a), Statement of Procedural Rules; IRM pt. 32.1.6, 32.1.8 (Aug. 11, 2004).  Because there is no indication that the delay in amending section 1.931-1, Income Tax Regs., was attributable to IRS officers or employees as opposed to Treasury Department officials or employees, interest abatement under section 6404(e) is not appropriate.

Second, even if the delay in amending section 1.931-1, Income Tax Regs., was an unreasonable error or delay by an IRS officer or employee in performing a managerial or ministerial act, petitioners would still not prevail.  They argue that they should not have to pay any interest on their income tax deficiencies because those deficiencies were caused by the delay in amending the regulation.  Based on that argument, petitioners have not shown the "requisite correlation between an error or delay attributable to the Commissioner and a specific period of

---

[3]See also Swallows Holding, Ltd. v. Commissioner, 126 T.C. 96, 177 (2006) (Holmes, J., dissenting) ("The IRS and Treasury use the same regulation-writing process for both general and specific authority regulations, subjecting both to the same painstaking review under the IRS's 'Regulation Drafting Handbook,' I.R.M. 32.1.5.  Both types [general a.k.a. interpretive regulations and specific authority a.k.a. legislative regulations] are issued as Treasury decisions, and both are signed by an Assistant Treasury Secretary and the IRS Commissioner."), vacated and remanded 515 F.3d 162 (3d Cir. 2008).

time" during which interest should be abated.  Braun v.

Commissioner, T.C. Memo. 2005-221; see Guerrero v. Commissioner,

T.C. Memo. 2006-201 ("A request demanding abatement of all

interest charged does not satisfy the required link; it merely

represents a request for exemption from interest.").

Moreover, under section 6404(e), respondent could not abate

the interest that accrued on petitioners' deficiencies during the

period from when interest began to accrue to when petitioners

received written notice of the deficiencies.  In determining

whether to abate interest that accrued after written notice was

received, respondent could only consider whether the continued

failure to amend section 1.931-1, Income Tax Regs., after such

notice was received resulted in any additional interest charges.

Petitioners have not shown that any such additional interest

accrued or that they would have paid their tax liabilities

earlier had the regulation been amended during the prosecution of

their cases before the IRS.[4]  See Guerrero v. Commissioner, supra

---

[4]We note that the statutory notice of deficiency for
petitioners' 1997 tax year was issued on Apr. 6, 2001, which was
after the U.S. District Court for the District of Hawaii held
that sec. 931 and sec. 1.931-1, Income Tax Regs., did not permit
taxpayers to exclude income earned on Johnston Island in 1994,
1995, and 1996.  Farrell v. United States, 87 AFTR 2d 2001-1159,
2001-1 USTC par. 50,279 (D. Haw. 2001), affd. 313 F.3d 1214 (9th
Cir. 2002).  The notice of deficiency for petitioners' 1998,
1999, and 2000 tax years was issued on Apr. 5, 2002, which was
after this Court reached the same conclusion in Specking v.
Commissioner, supra.  Accordingly, even though sec. 1.931-1,
Income Tax Regs., was not amended until 2005, petitioners had at
least some notice at a relatively early stage that the regulation
                                                  (continued...)

("Abatement of interest is not appropriate simply because a taxpayer might have made a tax payment sooner."); Braun v. Commissioner, supra (holding that interest abatement was not warranted under section 6404(e) where the taxpayer had not demonstrated that he and his wife would have paid their tax liabilities earlier but for the Commissioner's actions).

In any event, the failure to timely amend section 1.931-1, Income Tax Regs., is not the type of error--such as the failure to send a notice of deficiency or a notice and demand for payment, for example--that would have affected the timely prosecution of petitioners' cases before the IRS or prevented the prompt resolution of those cases, resulting in additional interest charges.

For these reasons, abatement of interest under section 6404(e) is not appropriate, and respondent's refusal to abate interest was not an abuse of discretion. The Court has considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

---

⁴(...continued)
did not support their position because it was in conflict with
the amended statute and therefore obsolete.

To reflect the foregoing,

Decision will be entered

for respondent.