09-3247-ag
David Harris Sher & Catherine Gail Nemser v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
>     *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,[*]
>     *District Judge*.

_____

David Harris Sher, Catherine Gail Nemser,

> *Petitioners-Appellants*,

> v.                                               09-3247-ag

Commissioner of Internal Revenue,

> *Respondent-Appellee.*

_____

FOR APPELLANT:         David Harris Sher and Catherine Gail Nemser, *pro se*, New York, New York.

FOR APPELLEE:          John A. DiCicco, Acting Assistant Attorney General; Deborah K.

---

[*]Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Snyder, Kathleen E. Lyon, Attorneys, Tax Division, United States Department of Justice, Washington, D.C.

Appeal from a judgment of the United States Tax Court (Panuthos, S.T.J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the tax court be **AFFIRMED.**

David Harris Sher and Catherine Gail Nemser, *pro se*, appeal from the tax court's order sustaining the Internal Revenue Service's ("IRS") proposed levies against Appellants. We assume the parties' familiarity with the facts and procedural history.

As an initial matter, Appellants have abandoned their claim that the IRS failed to timely notify them of the lien filing because they did not raise this issue in their appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (deeming claim not raised on appeal by *pro se* litigant to be abandoned).

This Court reviews a tax court's conclusions of law *de novo*, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. *See Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003); *Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 285 (2d Cir. 2002); I.R.C. § 7482(a)(1) ("The United States Courts of Appeals . . . shall . . . review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . ..").  When reviewing a case that arises from a collection-due-process hearing before the IRS Office of Appeals, this Court will "review the Appeals Office's determinations for abuse of discretion where the underlying liability is not at issue and de novo when it is." *See Salazar v. Comm'r*, 338 F. App'x 75, 77 (2d Cir. 2009) (citing *Robinette v. Comm'r*, 439 F.3d 455, 462 (8th Cir. 2006), and *Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 625, 628-31 (6th Cir. 2005)).

Before the IRS imposes a levy, it must provide notice to the taxpayer of his right to

request a collection-due-process hearing before the IRS Office of Appeals. *See* I.R.C. § 6320. As part of the hearing, the Appeals Officer is to verify "that the requirements of any applicable law or administrative procedure have been met." *See* I.R.C. § 6330(c)(1). The taxpayer may raise a spousal defense, challenge the appropriateness of the collection action, propose a collection alternative, or raise any other relevant issue pertaining to the unpaid tax or proposed levy. *See* § 6330(c)(2)(A). However, the taxpayer may challenge the underlying tax liability only if he did not receive a statutory notice of deficiency or have any other opportunity to dispute the liability. *See* § 6330(c)(2)(B). The taxpayer may not raise any issue raised and considered in a previous collection-due-process hearing or any other previous administrative or judicial proceeding in which the taxpayer participated meaningfully. *See* § 6330(c)(4). The Appeals Officer's determination must take into consideration the verification required by § 6330(c)(1), the issues raised by the taxpayer, and whether the "proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* § 6330(c)(3).

For purposes of abating interest and penalties on account of error or delay on the part of the IRS, "error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved." *See* I.R.C. § 6404(e)(1)(B). The error or delay on the part of the IRS must be "unreasonable" in order for the taxpayer to qualify for abatement of interest or penalties. *See* § 6404(e)(1).

In this case, the tax court did not err in finding that the IRS did not abuse its discretion in refusing to abate the interest and penalties on Appellants' unpaid tax liabilities. As an initial matter, because Appellants did not contest the underlying liability in their collection-due-process proceeding before the IRS Office of Appeals, they were entitled to review of the Appeals

3

Officer's findings for abuse of discretion, and not *de novo* review, as they contend, although it appears that they would not be entitled to any relief from this Court under either standard of review. The tax court properly found that the IRS's error in refunding the $70,000 payment Appellants allegedly intended to make for the 1998 tax year, received in 1999 and credited towards the 1999 tax year, was not unreasonable because the payment was submitted separately from their request for an extension of time to file a 1998 tax return. The tax court also found no reliable evidence that the IRS received and processed a 1998 tax return for Appellants prior to February 2004. Appellants cite no authority for their contention that the IRS was required to inform them that it had not received their 1998 tax return when they questioned the $70,000 refund for the 1999 tax year. They have acknowledged being aware that their income for the 1999 tax year did not qualify them for a $70,000 refund when they received it in November 2000, and that they failed to request that the IRS apply the $70,000 overpayment to the 1998 tax year. Contrary to Appellants' assertion that their tax preparer's affidavit constituted proof that they filed their tax return for the 1998 tax year in 1999, the tax court properly found that the affidavit constitutes at most only proof that the return was prepared in 1999, not that it was filed in that year.

We have considered all of Appellants' remaining claims and find them to be without merit. Accordingly, the judgment of the tax court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4