T.C. Memo. 2012-116

UNITED STATES TAX COURT

MICHAEL COLEMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2945-09L, 3164-09.          Filed April 23, 2012.

        R denied P's request for interest abatement and sustained collection
actions related to P's income tax deficiencies arising from P's participation
in some of the Hoyt partnership tax shelters.

        Held:  R's determinations are sustained.

<u>Mark D. Pastor</u>, for petitioner.

<u>Laura J. Mullin</u>, for respondent.

## MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  These consolidated cases are before the Court on a petition for review of two determinations by respondent.  Respondent determined to sustain his plan to levy on petitioner's assets, and respondent denied petitioner's request for an abatement of interest.  Petitioner seeks review of respondent's determinations.

These cases stem from petitioner's participation in two partnership tax shelters for the 1989, 1990, 1991, 1992, 1994, 1995, and 1996 tax years.[1]  The issue for decision is whether respondent's settlement officers abused their discretion in denying abatement of the interest on petitioner's outstanding liabilities.

### Background

These cases were submitted fully stipulated pursuant to Rule 122.[2]  The parties' stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.  At the time the petitions were filed, petitioner resided in California.

---

[1]The tax years 1989, 1990, and 1991 are at issue because of net operating loss (NOL) carrybacks to those years.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.  The Rule references are to the Tax Court Rules of Practice and Procedure.

The underlying deficiencies in these cases arose out of petitioner's investment in two partnerships, Shorthorn Genetic Engineering 1990-2 JV (SGE) and Florin Farms No. 5 (FF). The liabilities are assessments under the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, 96 Stat. 324, relating to the Hoyt & Sons Ranch Properties tax shelter.[3]

On June 3, 1996, respondent mailed to petitioner a notice of beginning of an administrative proceeding (NBAP) for SGE for the 1992 tax year. On February 18, 1997, respondent mailed to petitioner a notice of final partnership administrative adjustment (FPAA) for SGE for the 1992 tax year. On September 28, 1998, respondent mailed to petitioner an NBAP and an FPAA for SGE for the 1994 tax year.

On January 12, 1999, respondent mailed to petitioner a letter and an attached Form 4549A-CG, Income Tax Examination Changes, and Form 886-A, Explanation of Items, explaining how the adjustments made during the examination of SGE and FF affected his individual income tax return for tax years 1989 through 1993. The cover letter explained that because the examination of Hoyt & Sons Ranch

---

[3]The Hoyt partnerships have been "found to be illegal tax shelters. [Mr.] Hoyt is currently serving a federal prison sentence of 235 months for conspir[ing] to commit fraud, bankruptcy fraud, and money laundering." Mekulsia v. Commissioner, 389 F.3d 601, 601 (6th Cir. 2004), aff'g T.C. Memo. 2003-138.

Properties partnerships "affects the partnership/s corporation * * * in which you are an investor, your individual return has been adjusted accordingly." Form 4549A-CG broke down the adjustments by tax year and computed the interest on the deficiencies to date. The Form 866-A stated that "Additional interest will be charged at the current rate compounded daily. Interest is charged from the original due date of the return to a date 30 days after an agreement to the additional tax is signed, or to the date of payment, if earlier."

On April 12, 1999, respondent mailed to petitioner an NBAP for FF for the 1996 tax year. On May 17, 1999, respondent mailed to petitioner an NBAP and an FPAA for SGE for the 1995 tax year. On September 27, 1999, respondent mailed petitioner an NBAP and an FPAA for SGE for the 1996 tax year. Also, on September 27, 1999, respondent mailed petitioner an FPAA for FF for the 1996 tax year.

On April 24, 2000, respondent mailed petitioner a second Form 4549A-CG. The cover letter to this Form 4549A-CG explained that

> This report is a modification of an earlier report that adjusted the distribution income coming into your partnership for Hoyt and Sons Ranch Property * * * for the year ending December 31, 1992. This adjustment decreases some of the tax previously assessed. The final determination on most of the audit issues on the investor partnerships are not yet complete and are not reflected in this report.

On May 3, 2006, as a result of a petition filed on July 26, 1999, at docket No. 12964-99, in response to the FPAA for FF's 1995 taxable year, the Court entered a decision in FF's partnership-level TEFRA proceeding. Also on May 3, 2006, as a result of a petition filed on October 26, 1999, at docket No. 16587-99, in response to the FPAA for FF's 1996 taxable year, the Court entered a decision in FF's partnership-level TEFRA proceeding. On May 5, 2006, as a result of a petition filed on September 14, 1998, at docket No. 15262-98, in response to the FPAA for FF's 1994 taxable year, the Court entered a decision in FF's partnership-level TEFRA proceeding. On May 17, 2006, as a result of a petition filed on May 15, 1997, at docket No. 9852-97, in response to the FPAA for SGE's 1992 taxable year, the Court entered a decision in SGE's partnership- level TEFRA proceeding.[4]

Petitioner then submitted a request for interest abatement, and on December 31, 2006, respondent mailed petitioner a Notice of Full Disallowance--Final Determination, informing petitioner that respondent was "disallowing your request for an abatement of interest." This letter explained that petitioner, if he met the

---

[4]All of these decisions were entered pursuant to stipulated decisions entered by the parties.

eligibility requirements, could request review of this determination by the Tax Court.

On July 12, 2007, respondent mailed petitioner another Form 4549A-CG setting forth the computational adjustments under section 6231(a)(6), arising out of the FPAA adjustments, resulting in income tax deficiencies for petitioner for taxable years 1989 through 1996. On July 21, 2007, respondent assessed the additional tax due and interest he determined to be due for tax years 1989, 1990, 1991, 1992, 1994, 1995, and 1996 in the total amount of $61,139.78.

On January 2, 2008, respondent sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for tax years 1989, 1990, 1991, 1992, 1994, 1995, and 1996. Included was an account summary showing:

| Year | Assessed balance | Accrued interest | Late payment penalty | Total |
|------|-----------------|------------------|----------------------|-------|
| 1989 | $24,497.87 | $985.99 | $315.49 | $25,799.35 |
| 1990 | 21,326.61 | 4,535.20 | 541.94 | 26,403.75 |
| 1991 | 28,304.92 | 1,255.73 | 627.13 | 30,187.78 |
| 1992 | 9,558.99 | 384.72 | 150.70 | 10,094.41 |
| 1994 | 1,850.24 | 74.47 | 31.65 | 1,956.36 |
| 1995 | 5,882.71 | 236.76 | 117.67 | 6,237.14 |
| 1996 | 1,800.04 | 50.06 | 23.40 | 1,873.50 |
| Total | 93,221.38 | 7,522.93 | 1,807.98 | 102,552.29 |

Respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated January 29, 2008, on February 20, 2008. On Form 12153 petitioner had checked the box for withdrawal of the tax lien as well as the boxes for installment agreement and offer-in-compromise. In an attachment to Form 12153 petitioner's attorney stated that the tax which was assessed had been miscalculated and requested a re-audit. He also stated that petitioner was entitled to interest abatement "due to unreasonable errors and delays by the Internal Revenue Service in making the subject assessments of interest against taxpayer Michael Coleman pursuant to Section 6404(e)".

On August 21, 2008, Settlement Officer Nathan August sent petitioner a letter acknowledging receipt of his request for a collection due process (CDP) hearing and scheduling a face-to-face CDP hearing with his attorney on October 14, 2008.

On December 11, 2008, respondent and petitioner's attorney had a face-to-face hearing. Petitioner's attorney continued to assert that the interest should be abated under section 6404(e). Respondent's contemporaneous written case activity record states that petitioner's attorney

> stated that it was "ridiculous that seven years expired" from the date of [sic] the Tax Court opinion was issued until the tax assessments were made against TP. * * * [The attorney] said there is "no reason why

something wasn't done much earlier in this matter" and that there is "no justifiable excuse" for the IRS to take seven years to make the assessments against TP.

Officer August explained that while an opinion was issued in May 2000, the Court's decisions on the proceedings that gave rise to petitioner's liabilities were not entered until May 2006 and that under TEFRA the period of limitations for assessment did not expire until one year after the Court entered its decision plus 90 days.

Officer August's notes also state that petitioner's attorney argued that "it was incumbent upon the IRS to have filed a motion in the Tax Court trial to have the Tax Matters Partner Walter Jay Hoyt removed from representing the Hoyt Partnership investors once the Tax Court deemed Mr. Hoyt to have acted fraudulently * * * argu[ing] that if the IRS had done so the Tax Court case would have reached a 'conclusion' earlier."

On December 31, 2008, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. In an attachment to the notice of determination respondent explained his reasoning for the determination.

On February 9, 2009, petitioner timely filed a petition with this Court at docket No. 2945-09L. Petitioner argued, inter alia:

Respondent erred in unreasonably delaying the making of the underlying assessments against Petitioner for the subject tax years 1989, 1990, 1991, 1992, 1994, 1995, and 1996, to the substantial prejudice of Petitioner, including but not limited to, the assessment of excessive interest against Petitioner for each of said aforementioned income tax years, as Respondent's delay in making said assessment until approximately July 31, 2007, was the product of Respondent's careless, reckless, and unreasonable conduct through the unreasonable errors and/or delays by an officer or employee of the Internal Revenue Service.

On February 10, 2009, petitioner filed with this Court a petition for review of failure to abate interest under code section 6404 at docket No. 3164-09 and made the same arguments as in his petition filed on February 9, 2009.[5]  On August 20, 2009, respondent filed a motion for summary judgment.  On October 26, 2009, petitioner filed his objection to that motion.  By order on January 8, 2010, the Court granted summary judgment, allowing respondent to proceed with collection activity pursuant to the notice of determination dated December 31, 2008, and denied summary judgment with respect to the interest abatement issue.

These cases were called from the calendar on September 13, 2010, in Los Angeles, California.  The parties asked the Court to be allowed to submit the cases under Rule 122, and the Court agreed.  Respondent reserved objections to the

---

[5]Docket Nos. 2945-09L and 3164-09 were consolidated for trial, briefing, and opinion by order of this Court on April 16, 2009.

stipulation of facts and the accompanying exhibits as to materiality for paragraphs 33 through 48 and the corresponding Exhibits 18-P through 32-P.[6]

Discussion

Interest on a Federal income tax deficiency generally accrues at the rate specified by section 6621 from the last date prescribed for payment until the date on which the tax is paid. Sec. 6601(a). Under the applicable version of section 6404(e)(1) the Secretary may abate all or any part of that interest to the extent it accrued because of "any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act".[7]

_____

[6]On brief respondent objected to these stipulations and exhibits on the grounds of relevancy, arguing that they all pertain to the criminal proceedings against Mr. Hoyt and are irrelevant to petitioner's case. The Court finds that these stipulations and exhibits are relevant to the case at hand; accordingly we overrule respondent's objections. Fed. R. Evid. 401 defines "Relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[7]Sec. 6404(e)(1) applies to interest accruing with respect to deficiencies or payments for tax years beginning after December 31, 1978. Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1563(b), 100 Stat. at 2762; see Coco v. Commissioner, T.C. Memo. 2001-80. In 1996 Congress amended sec. 6404(e)(1)(A) to refer to "unreasonable" errors or delays and "ministerial or managerial" acts. Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. No. 104-168, sec. 301(a), 110 Stat. at 1457 (1996); see Hinck v. United States, 550 U.S. 501, 505 n.1 (2007). Those amendments apply to interest accruing on deficiencies for tax years beginning after July 30, 1996. TBOR 2 sec. 301(c), 110 Stat. at 1457; Hinck, 550

(continued...)

A ministerial act is a procedural or mechanical act that does not involve the exercise of judgment or discretion and occurs during the processing of a taxpayer's case after all the prerequisites to the act, such as conferences and review by supervisors, have taken place. See Lee v. Commissioner, 113 T.C. 145, 149-150 (1999); sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987). An error or delay will be taken into account only if no significant aspect of it is attributable to the taxpayer involved and it occurs after the Internal Revenue Service (IRS) has contacted the taxpayer, in writing, with respect to the deficiency or payment of tax on which the interest is accruing. Sec. 6404(e)(1).

Even when there has been an error or delay with respect to a ministerial act, the Secretary has discretion to decide whether to abate interest. Sec. 6404(e); see Grandelli v. Commissioner, T.C. Memo. 2008-55. We have jurisdiction under 6404(h) to determine whether the Secretary's decision not to abate interest was an abuse of discretion. The taxpayer bears the burden of proving that the Secretary acted arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999). To meet this burden the taxpayer must

---

[7](...continued)
U.S. at 505 n.1. Because this case involves interest accruing with respect to tax years prior to 1996, sec. 6404(e)(1) applies but the 1996 amendments do not.

establish "(1) An error or delay by the IRS in performing a ministerial * * * act; (2) a correlation between [any such error or delay and] a specific period of delay in payment * * *; and (3) that the taxpayer would have paid the tax liability earlier but for the IRS's error" or delay.  See Sher v. Commissioner, T.C. Memo. 2009-86, aff'd, 381 Fed. Appx. 62 (2d Cir. 2010).

Petitioner essentially argues that he should have been notified "as a simple ministerial act by Respondent of the initial indictment [of Mr. Hoyt] on November 24, 1998" and that the lack of this simple notification "inviting Petitioner to take the opportunity to settle the case and avoid further interest" was an error or delay by the IRS in performing a ministerial act.[8]  Petitioner urges this Court to find that respondent abused his discretion in refusing to abate interest from the date of Mr. Hoyt's initial indictment on November 24, 1998, until the amounts were assessed on July 31, 2007.

The petitions in the original partnership-level cases were filed in 1999, and the final decisions by this Court were not entered until May 2006.  We note:  "The

_____

[8]Petitioner apparently abandons the argument that it was an error for the Commissioner to fail to remove Mr. Hoyt as the tax matters partner.  This was a wise decision given that the Court has previously found that it was not an abuse of discretion for the Commissioner to refuse to abate interest on deficiencies arising from the Hoyt tax shelters when the Commissioner did not remove Mr. Hoyt as the tax matters partner and did not notify Mr. Hoyt that he was under criminal investigation.  See Mekulsia v. Commissioner, T.C. Memo. 2003-138.

mere passage of time in the litigation phase of a tax dispute does not establish error or delay by the Commissioner in performing a ministerial act. * * * Respondent's decision on how to proceed in the litigation phase of the case necessarily required the exercise of judgment and thus cannot be a ministerial act." Lee v. Commissioner, 113 T.C. at 150-151.

Under section 6229(d) respondent could not assess income tax liabilities of the individual partner until the decision entered in the litigation matter of the partnership became final, which is 90 days after entry of decision in order to allow time for appeal. See Mathia v. Commissioner, T.C. Memo. 2009-120, aff'd, 669 F.3d 1080 (10th Cir. 2012). Respondent then had one year to assess the tax deficiency. See sec. 6229(d)(2). Respondent assessed petitioner's liabilities on July 21, 2007, which was less than the one year plus 90 days, see sec. 7481, after the earliest of the decisions filed by this Court, May 3, 2006.

Petitioner has not shown that respondent abused his discretion in waiting to assess the deficiencies until the decisions of the Court were final, and we do not find that it was an abuse of discretion that respondent did not notify petitioner that Mr. Hoyt had been indicted and invite petitioner to settle. Respondent was required to exercise judgment or discretion in determining whether to notify petitioner about

Mr. Hoyt's indictment and/or inviting petitioner to settle and therefore it was not a ministerial act under section 6404(e)(1).[9]

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.

---

[9]These cases exemplify shortcomings in TEFRA's procedure provisions which, in some instances, turn the control and management of TEFRA cases over to unscrupulous promoters who do not represent the investors' best interests. See Superior Trading, LLC v. Commissioner, T.C. Memo. 2012-110. Congress recognized this problem and the limitations on interest relief in part in TBOR 2, which amended sec. 6404(e)(1)(A) to add to "ministerial acts" "managerial acts". TBOR 2 sec. 301(a), 110 Stat. at 1457. We also note "The Commissioner has no obligation under the Constitution to apprise investors of the character of their TMP's or even of their criminal propensities." Phillips v. Commissioner, 272 F.3d 1172, 1174 (9th Cir. 2002), aff'g 114 T.C. 115 (2000).